# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

REGIONS BANK

      vs                                             Case No. 3:10cv100/LAC/EMT

MOTOR YACHT ROYAL INDULGENCE,
et al.,

## ORDER

The **"Rule 26(a)(1) Disclosures of Danny L. McCray,"** received by the clerk of the court on September 28, 2010, was referred to the undersigned with the following deficiency:

> Defendant McCray's attention is directed to Federal Rule of Civil Procedure 5(d), which prohibits the filing of discovery materials (including depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission) and disclosures under Rule 26(a)(1), unless and until needed for consideration of pending motions by the court.

For this reason, it is **ORDERED** that:

The submitted hard copy of the document shall be returned to Defendant McCray without electronic filing.

**NOTICE TO PRO SE PARTY**

Defendant McCray, who proceeds pro se in this case, is advised that, as required by Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595–96, 30 L. Ed. 2d 652 (1972), pleadings filed pro se are interpreted more liberally than those filed by counsel. Accordingly, pleadings or other papers that are represented as being pro se in nature but in actuality have been drafted by an attorney can provide the purportedly unrepresented party an unfair advantage in that his pleadings are construed liberally while those filed by a party with counsel is held to a higher level of scrutiny. Moreover, this sort of "ghost-writing" has been deemed a deliberate evasion of the responsibilities imposed on counsel by Federal Rule of Civil Procedure 11 and, as

such, has been widely condemned as unethical. *See, e.g.,* Duran v. Carris, 238 F.3d 1268, 1273 (10th Cir. 2001); Ellis v. Maine, 448 F.2d 1325, 1328 (1st Cir. 1971); Bush v. Adams, 2010 WL 1253990 (E.D. Va. 2010); Wesley v. Don Stein Buick, Inc., 987 F. Supp. 884, 886 (D. Kan. 1997); Ricotta v. State, 4 F. Supp. 2d 961, 987 (S.D. Cal.1998); Gold v. Dalkon Shield Claimant's Trust, 1998 WL 422900 (D. Conn. 1998). Thus, if Defendant McCray has retained counsel in connection with proceedings before this court, counsel should conduct him or herself appropriately, i.e., by entering an appearance.

**DONE AND ORDERED** this 7th day of October 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**