IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION
IN ADMIRALTY

REGIONS BANK,
    Plaintiff,

vs.                                             Case No. 3:10cv100/LAC/EMT

THE MOTOR YACHT ROYAL INDULGENCE,
 U.S. Official No. 1110314, her engines, etc., *in rem*,
AND
DAVID E. GAUDIN and
DANNY L. McCRAY, *in personam*,
    Defendants.
_____/

## **REPORT and RECOMMENDATION**

Regions Bank ("Regions") brings this admiralty and maritime action against the M/Y Royal Indulgence ("the vessel"), *in rem*, and David E. Gaudin ("Gaudin") and Danny L. McCray ("McCray"), *in personam*, for foreclosure of a first preferred mortgage on the vessel, sale of the vessel, and a deficiency judgment. McCray proceeds pro se. Due to McCray's pro se status the matter was referred to the undersigned for all preliminary orders and the filing of a report and recommendation. *See* N.D. Fla. Loc. R. 72.2(E), 28 U.S.C. § 636(b)(1)(B)(C), and Fed. R. Civ. P. 72(b). Pending is Regions' "Motion for Interlocutory Sale of Vessel and Memorandum in Support" (Doc. 35). Gaudin and McCray filed responses in opposition (Docs. 40, 41), to which Regions replied (Docs. 43, 44). As explained below, this court recommends granting Regions' motion.

**BACKGROUND**

Regions filed its complaint April 1, 2010 (Doc. 1). Attached to the complaint are a "Note for Business and Commercial Loans" dated May 29, 2003, entered into by AmSouth Bank and

David and Beth Gaudin (*id.* at 11–13), and a Preferred Ship Mortgage executed by David and Beth Gaudin in favor of Regions, also dated May 29, 2003, in the total amount of $1,000,000.00 (*id.* at 14–16).[1] The Preferred Ship Mortgage was recorded at the National Vessel Documentation Center of the United States Coast Guard on June 16, 2003, in Book 03-96, Page 406 (*id*. at 17*).* According to the allegations of the complaint, on July 25, 2008, Gaudin and new obligor McCray executed a renewal note to Regions in the amount of $763,859.72, which is the unpaid principal balance on the May 23, 2003, note (Doc. 1 at 5; 18–19). The renewal note required repayment of the debt in fifty-nine (59) installments of $9267.73 each, with a final payment due on July 23, 2013. According to Regions, Gaudin and McCray have failed to pay the monthly installments as agreed; the renewal note is now in default; Regions has elected, under the terms of the renewal note, to declare the entire indebtedness immediately due and payable; and Gaudin and McCray have failed to cure the default (*id*. at 6). Regions further asserts that, as of April 1, 2010, the amount of the unpaid balance due on the Preferred Ship Mortgage (with principal, accrued interest, and late charges) is estimated to be $765,275.76; also, $159.40 in additional interest accrues each day and attorneys' fees are estimated to be $15,000.00. Regions seeks as relief, *inter alia*, a declaration that the Preferred Ship Mortgage dated May 29, 2003, is a valid and subsisting lien on the vessel, a judgment against Gaudin and McCray under the renewal note and Preferred Ship Mortgage, and a decree that any persons, etc., claiming an interest in the vessel be barred and foreclosed from doing so.

Among other activities, the docket reflects that summonses for McCray and Gaudin were returned executed, with these Defendants having been served on April 22, 2010, and April 23, 2010, respectively (Docs. 14, 15); as to the vessel, return of service was executed on April 26, 2010 (Doc. 46).[2] On May 4, 2010, Regions filed a notice of this *in rem* action and the arrest of the vessel on April 26, 2010, which advised that any person having a claim against the vessel must file a claim within ten (10) days after process had been effected and serve an answer within twenty (20) days

---

[1] The complaint alleges that AmSouth Bank and Regions Bank merged on or about November 4, 2006, resulting in Regions Bank becoming the owner and holder of the Preferred Ship Mortgage and "the note secured thereby" (Doc. 1 at 5).

[2] Although service on the vessel was effected on April 26, 2010, the Marshal did not submit the return of service until October 12, 2010.

Case No. 3:10cv100/LAC/EMT

of filing his claim (Doc. 16); on May 11, 2010, McCray answered the complaint (Doc. 18), and on July 1, 2010, Gaudin did the same (Doc. 25).[3] On May 25, 2010, Regions filed a "Proof of Publication and Notice of Arrest," which reflects that on May 20, 2010, public notice of this *in rem* action and the vessel's arrest was given in the Pensacola News Journal. As did the notice filed May 4, the public notice advised that any person having a claim against the vessel must file his claim within ten (10) days after process had been effected and serve an answer within twenty (20) days of filing his claim (Doc. 21).

In its instant motion, Regions seeks the interlocutory sale of the vessel pursuant to Rule E(9)(a), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). In support of its motion Regions submits that the vessel has lain at the facility of Pensacola Shipyard, the consent keeper appointed by the court, since its arrest on April 26, 2010; that public notice of this *in rem* action and the vessel's arrest was properly made; that no claim of an owner asserting a right of possession or ownership interest in the vessel has been filed; and the owner of the vessel has failed to deposit with the court a bond or other security that is necessary to secure release of the vessel. Additionally, Regions asserts that it has incurred and will incur additional costs and expenses in connection with the arrest of the vessel, including custodial fees of $768.62 per month and insurance costs. Regions argues that it is entitled to the interlocutory sale of the vessel pursuant to Supplemental Rule E(9)(a)(i)(C) because there has been an unreasonable delay (of more than four months) from the time the vessel was arrested on April 26, 2010, without the owner's depositing in the court a bond or other security required to cause the vessel's release. Gaudin's objection to the interlocutory sale of the vessel, filed through counsel, attacks only the merits of Region's complaint. Gaudin's argument, in short, is that "there is no longer any valid or enforceable Mortgage against the Vessel. For this reason, there can be no sale of the Vessel before judgment is rendered herein." (Doc. 40 at 7). McCray also filed an objection

---

[3] McCray includes with his answer several affirmative defenses, including that Mary Beth Gaudin is an indispensable party. Also, McCray asserts that if the original promissory note was paid (1) the Preferred Ship Mortgage should have been released by Regions and (2) the Preferred Ship Mortgage is invalid. Gaudin also asserts affirmative defenses in his answer, including that Plaintiff is not entitled to the relief sought based on the doctrine of accord and satisfaction and that Plaintiff failed to name indispensable party Mary Beth Gaudin.

pro se, which similarly asserts that there is no valid mortgage securing the note and thus that it would be "premature to allow a sale until all the issues have been determined" (Doc. 41 at 1). Replying to the objections, Regions first notes that neither Defendant addresses "any of the procedural or case law relative to the interlocutory sale of an arrested vessel" or the threshold facts that it continues to incur custodial expenses and the owner has failed to bond the vessel out within a reasonable time (Doc. 43 at 1). Regions' reply also addresses Defendants' arguments on the merits, i.e., that no valid or enforceable mortgage against the vessel exists.

**DISCUSSION**

Rule C(4) of the Supplemental Rules in part provides that when the property that is the subject of the action "is not released within 14 days after execution, the plaintiff must promptly—or within the time that the court allows—give public notice of the action and arrest in a newspaper designated by court order and having general circulation in the district . . . ."[4] Supplemental Rule C(4). "The notice must specify the time under Rule C(6) to file a statement of interest in or right against the seized property and to answer." *Id.* Supplemental Rule E(5) provides for the release of property by (a) special bond, (b) general bond, and (c) consent or stipulation. In this case, Regions gave public notice of the action and arrest in the Pensacola News-Journal[5] specifying the time in which any person having a claim against the vessel and/or property must present a claim and file an answer to the complaint (Doc. 21).[6] Gaudin and McCray each filed an answer to the complaint, but neither filed a statement of interest in or right against the seized vessel. Additionally, and most significantly here, since the vessel's April 26, 2010, arrest neither Defendant has attempted to vacate the arrest, *see* Local Admiralty Rule C(7), nor taken any steps to secure the vessel's release through bond, consent, or stipulation. *See* Supplemental Rule E(5), and Local Admiralty Rule E(8).

---

[4] Local Admiralty Rule C(4) provides for a period of ten (10), rather than fourteen (14) days for publication if the property is not released.

[5] The Pensacola News-Journal is an approved newspaper, as defined in Local Admiralty Rule A(7).

[6] As noted previously, Regions' May 4, 2010, filing gives the same notice (Doc. 16).

Case No. 3:10cv100/LAC/EMT

> Rule E(9)(a)(i) of the Supplemental Rules provides:
>
> On application of a party . . . the court may order all or part of the property sold—with the sale proceeds, or as much of them as will satisfy the judgment, paid into court to await further orders of the court—if:
>
> (A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action;
> (B) the expense of keeping the property is excessive or disproportionate; or
> (C) there is an unreasonable delay in securing the release of the property.

Supplemental Rule E(9)(a)(i). To obtain an order for an interlocutory sale, a plaintiff need only show the existence of one of these three criteria. *See* 20th Century Fox Film Corp. v. M.V. Ship Agencies, 992 F. Supp. 1434, 1437 (M.D. Fla. 1997), citing Silver Star Enterprises, Inc. v. M/V Saramacca, 19 F.3d 1008, 1014 (5th Cir. 1994). Because Supplemental Rule E(9) provides for interlocutory sales, it "does not require, or even mention, the resolution of the merits of any particular claim; instead, the Rule focuses entirely on avoiding the recognized complications associated with maintaining a vessel under arrest." Freret Marine Supply v. M/V Enchanted Capri, 2001 WL 649764, *1 (E.D. La. 2001); *see also* Merchants Nat'l Bank of Mobile v. Dredge General G.L. Gillespie, 663 F.2d 1338 (5th Cir. 1981) (affirming order of interlocutory sale in action to foreclose preferred ship mortgage). With respect to this subsection, "[a]s a general rule, defendants are given at least four months to bond a vessel absent some other considerations." Bank of Rio Vista v. Vessel Captain Pete, 2004 WL 2330704, *2 (N.D. Cal. 2004) (citation and internal quotations omitted); *see also*, *e.g.,* Vineyard Bank v. M/Y Elizabeth I, U.S.C.G. Official No. 1130283, 2009 WL 799304 (S.D. Ca. 2009) (holding that the failure to secure the release of a vessel during the four months after arrest constituted an unreasonable delay); Boland Marine & Mfg. Co., L.L.C. v. A.G. Navajo, 2002 WL 31654856 (E.D. La. 2002) (same); Bollinger Quick Repair, L.L.C. v. Le Pelican M/V, 2000 WL 798497 (E.D. La. 2000) (same); Ferrous Fin. Serv. Co. v. O/S Arctic Producer, 567 F. Supp. 400, 401 (W.D. Wash. 1983) (same).

As noted, neither Gaudin nor McCray has made any attempt to secure release of the vessel since its arrest: they have not moved to vacate the arrest nor have they posted a bond, entered into any stipulation, or otherwise attempted to secure the release of the vessel pursuant to Supplemental Rule E(5). The vessel has been arrested since April 26, 2010, or approximately five and one-half

months. Based on the authority cited above, the court concludes that there has been an unreasonable delay in securing the release of the vessel in this action, entitling Regions to the interlocutory sale of the vessel provided the requirements of the applicable Supplemental Rules and Local Admiralty Rules have been satisfied.[7] As it appears that Regions has adequately complied with all such requirements,[8] and there being no assertions by Defendants to the contrary, this court recommends that the district court grant Regions' motion for interlocutory sale of the vessel. The "Decree Ordering Sale of Vessel" attached to this Report and Recommendation should therefore be entered and issuance of the "U.S. Marshal's Sale of Vessel," which is also attached to this Report and Recommendation, should be approved.

As a final matter, the court will expedite the procedure for placing this matter before the district court, as follows: all parties shall have through **OCTOBER 19, 2010,** in which to file any objections to this Report and Recommendation. If objections are filed, the parties shall have through **OCTOBER 26, 2010**, in which to respond. The clerk shall refer this Report and Recommendation, along with any objections and responses, to the district court for disposition on **OCTOBER 27, 2010**.

Accordingly, it is **ORDERED:**

1. All parties shall have through **OCTOBER 19, 2010,** in which to file any objections to this Report and Recommendation. If objections are filed, the parties shall have through **OCTOBER 26, 2010**, in which to respond.

2. The clerk shall refer this Report and Recommendation, along with any objections and responses, to the district court for disposition on **OCTOBER 27, 2010**.

And it is respectfully **RECOMMENDED** that:

That Regions' motion for interlocutory sale of the vessel (Doc. 35) be **GRANTED**. The

---

[7] The court notes that although neither Defendant in fact filed a substantive motion after the arrest of the vessel, the filing of such motions has been held not to overcome a finding of unreasonable delay. *See* Merchants Nat'l Bank of Mobile, 663 F.2d at 1342.

[8] Local Admiralty Rule C(4) requires publication within seventeen (17) days after execution of process, unless otherwise ordered by the court. Insofar as publication did not occur within seventeen days after execution of process, leave of court is granted for publication on May 20, 2010.

Case No. 3:10cv100/LAC/EMT

"Decree Ordering Sale of Vessel" attached to this Report and Recommendation should be entered and issuance of the "U.S. Marshal's Sale of Vessel," which is also attached to this Report and Recommendation, should be approved.

**DONE AND ORDERED** this 13th day of October 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed no later than October 19, 2010, as set forth above on the court's expedited schedule. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**