IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION
IN ADMIRALTY

REGIONS BANK,
     Plaintiff,

vs.                                                                        Case No. 3:10cv100/LAC/EMT

THE MOTOR YACHT ROYAL INDULGENCE,
 U.S. Official No. 1110314, her engines, etc., *in rem*,
AND
DAVID E. GAUDIN and
DANNY L. McCRAY, *in personam*,
     Defendants.
_____/

## DECREE ORDERING SALE OF VESSEL

The Marshal having returned on the process issued in the above styled cause that attached on the 26th day of April, 2010, the said Vessel ROYAL INDULGENCE, her engines, machinery, appliances, anchors, cables, rigging, tackle, apparel and furniture, and all other necessaries thereunto appertaining and belonging, and the Plaintiff having caused public notice of the action and arrest to be given in the *Pensacola News Journal* on May 20, 2010, in accordance with the applicable rules of civil procedure respecting admiralty claims, *in rem*; and

The Vessel ROYAL INDULGENCE being presently in the possession of Pensacola Shipyard, a consent keeper appointed by the court; and

The owner of the Vessel having failed to seek the Vessel's release by bond or other security, and no other claims having been filed, and it appearing that there has been an unreasonable delay in

securing the release of the vessel under Supplemental Rule E(9)(a)(i); and, upon the motion of Regions Bank, it is hereby **ORDERED**:

1.      That said Vessel, ROYAL INDULGENCE, her engines, machinery, appliances, anchors, cables, rigging, tackle, apparel and furniture, and all other necessaries thereunto appertaining and belonging, be condemned and sold free from all mortgages, liens and other encumbrances to answer the prayers of the complaint herein;

2.      That *venditioni exponas* issue accordingly, and that the sale take place in front of the entrance to the United States District Court at 1 North Palafox Street, Pensacola, Florida, on the **14th day of December, 2010, at 12:00 Noon**, local time, after advertising notice of the sale at least twice in the *Pensacola News Journal*, a newspaper of general circulation published within the division of the district in which the sale will take place, with the first date of publication to be at least one (1) calendar week prior to the date of sale and the second at least three (3) calendar days prior to the date of sale;

3.      That Plaintiff is authorized by this Court to effect such other advertising covering a more extensive area as can be reasonably secured by reasonable costs, and that the expenses of advertisement will be taxed as costs herein;

4.      That the U. S. Marshal conducting the above described sale shall follow the following terms of sale:  (a) If the bid is not more than $500.00, the successful bidder shall immediately pay the full purchase price; and (b) if the bid is more than $500.00, the successful bidder at such sale shall immediately upon conclusion of the sale deposit in cash with the Marshal $500.00, or ten percent (10%) of the bid, whichever sum is greater; and the successful bidder shall thereafter pay the remaining purchase price within three (3) working days from the date of sale.  If objection to the sale is filed within the time permitted by the Local Admiralty Rule E(17)(g), the successful bidder is excused from paying the remaining purchase price until three (3) working days after the Court confirms the sale;

5.      Payments to the U. S. Marshal shall be made by cash, certified check or cashier's check;

6.      When a successful bidder fails to pay the balance of the bid within the time allowed by Local Admiralty Rule E(17)(a)(2), or within the time permitted by order of the Court, the Marshal

shall charge the successful bidder for the cost of keeping the property from the date payment of the balance was due, to the date the bidder takes delivery of the vessel.  The Marshal may refuse to release the vessel until these additional charges have been paid;

7.      The person who fails to pay the balance of the bid within the time allowed shall be deemed to be in default.  Thereafter a judicial officer may order that the sale be awarded to the second highest bidder, or may order a new sale as appropriate.  Any sum deposited by the bidder in default shall be forfeited, and the amount shall be applied by the Marshal to any additional costs incurred because of the forfeiture and default, including costs incident to resale.  The balance of the deposit, if any, shall be retained in the registry and subject to further order of the Court; and

8.      That the U. S. Marshal conducting the sale of said vessel shall require the Plaintiff, if it be the successful bidder at such sale, to pay or deposit in cash with its bid only so much as shall be in excess of the amount due Plaintiff as set forth in the complaint herein.

**DONE AND ORDERED** this 22nd day of November, 2010.


s/*L.A. Collier*                                          
**LACEY A. COLLIER**
**SENIOR UNITED STATES DISTRICT JUDGE**